BRISCOE, Circuit Judge,
concurring:
I concur in the result but write separately to express my disagreement with the majority’s handling of three issues. First, I believe the majority unnecessarily breathes life into Pearson’s random assignment arguments by assuming the prosecution knowingly manipulated the case assignment system. The record on appeal, in my view, clearly supports the district court’s findings “that the U.S. Attorney’s Office left it up to the clerk’s office with respect to what [case] number to assign to the indictment,” and that there was “no evidence” of judge shopping on the part of the prosecution. ROA, Vol. XI, at 15-16; see generally United States v. Longoria, 177 F.3d 1179, 1182 (10th Cir.) (holding that district court’s factual findings are reviewed for clear error), cert. denied, — U.S. -, 120 S.Ct. 217, 145 L.Ed.2d 182 (1999). Although the circumstantial evidence (e.g., the filing of separate informa-tions and the subsequent filing of a joint indictment listing Dominic Pearson as the first named defendant) was perhaps sufficient to raise initial concerns about the randomness of the case assignment and justify the evidentiary hearing conducted, it was not enough by itself to support an actual finding of improper motive or conduct on the part of the prosecution. Nor was the testimony of the single witness presented by Pearson in support of his motion sufficient to bolster the circumstantial evidence. To the contrary, the testimony suggested there was no improper motive on the part of the prosecution. Thus, I conclude Pearson's motion was *1279 properly denied by the district court on the grounds there was no evidence to support Pearson’s allegations of prosecutorial misconduct.
Consistent with my views regarding Pearson’s random assignment arguments, I also disagree with the majority’s decision to exercise its supervisory powers and review the district court’s case assignment system. In my view, the record in this case simply does not demonstrate a problem with the district court’s case assignment system that needs repair. Further, I am wary of' a single panel, as opposed to the entire court, making suggestions to the district court under the guise of the court’s supervisory powers. I am particularly wary of taking this action on the basis of the record presented in this case. Any review of the district court’s case assignment system should be undertaken only if a problem is clearly established and then only after a careful examination of all relevant factors, including available judicial personnel for case assignment.
Finally, I take issue with a small portion of the majority’s analysis of Pearson’s judicial bias claim. Although the majority acknowledges that Pearson failed to file a motion for recusal with the district court, the majority concludes it is appropriate to consider Pearson’s request for recusal in the first instance because the district court expressed “ire ... in response to ... Pearson’s motion for a new trial.” Majority op. at 1276. In my view, the district court’s alleged expression of ire is irrelevant and does not in any way alleviate Pearson’s failure to raise the issue in the district court.' Under circuit precedent, a party who fails to file a timely motion for recusal with the district court, for whatever reason, is entitled only to have his assertions of bias reviewed for plain error. See United States v. Kimball, 73 F.3d 269, 273 (10th Cir.1995).